UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------
ANTHONY CUSAMANO, true name
Michael Bonano,

       Plaintiff,

   v.           1:08-CV-781-DNH-DRH

GEORGE B. ALEXANDER, Chairman of Division of
Parole; JANE DOE, (October 31, 2006) Parole Board
Member, Bare Hills Correctional Facility; JOHN DOE 1,
(October 31, 2006) Parole Board Member, Bare Hills
Correctional Facility; JOHN DOE 2, (October 31, 2006)
Parole Board Member, Bare Hills Correctional Facility;
MARNI AMELL,  Parole Officer, Bare Hill Correctional
Facility;  MR. BULLOCK, Parole Officer, Queensboro
Correctional Facility; MS. GALLEGO, Parole Officer,
Queensboro Correctional Facility; KAREN MOMENT,
Acting Senior Parole Officer, Queensboro
Correctional Facility; MS. CRUSE, Parole
Officer, Queensboro Correctional Facility; MR.
PUGH, Senior Parole Officer, Queensboro
Correctional Facility; MR. TURECKY, Parole Officer,
Brooklyn II Parole Bureau; MICHAEL REED, Access
(Drug-evaluation) Counselor, Brooklyn II Parole
Bureau; BRIAN FISCHER, Commissioner of New York
State Department of Corrections; NEW YORK STATE
DEPARTMENT OF CORRECTIONS; and NEW
YORK STATE DIVISION OF PAROLE,

           Defendants.
-------------------------------------------------------------

APPEARANCES:        OF COUNSEL:

ANTHONY CUSAMANO
Plaintiff, Pro Se
#349-09-07451
Manhattan Detention Center
125 White Street
New York, NY 10013

| | |
|---|---|
| HON. ANDREW M. CUOMO<br>Attorney General of the<br>  State of New York<br>Attorney for Defendants, Alexander,<br>   Amell, Turecky, Fischer, New York<br>   State Department of Corrections and<br>   New York State Division of Parole<br>Department of Law<br>The Capitol<br>Albany, New York 12224 | ADRIENNE J. KERWIN, ESQ.<br>Asst. Attorney General |

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Anthony Cusamano, true name and also known as Michael Bonano ("plaintiff"), brings suit pursuant to 42 U.S.C. §§ 1981, 1983, 1984, 1985, and 1986, alleging violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Six defendants were dismissed in a prior order dated June 3, 2009. (See Order, Dkt. No. 29.) The remaining defendants are George B. Alexander, Chairman of the New York State Division of Parole; Jane Doe, Parole Board Member; John Doe 1, Parole Board Member; John Doe 2, Parole Board Member; Marni Amell, Bare Hill Correctional Facility Parole Officer; Mr. Bullock, Queensboro Correctional Facility Parole Officer; Ms. Gallego, Queensboro Correctional Facility Parole Officer; Karen Moment, Acting Senior Queensboro Correctional Facility Parole Officer; Ms. Cruse, Queensboro Correctional Facility Parole Officer; Mr. Pugh, Senior Queensboro Correctional Facility Parole Officer; Mr. Turecky, Brooklyn II Parole Bureau Parole Officer; Michael Reed, Brooklyn II Parole Bureau Access Counselor; Brian Fischer, Commissioner of the New York State Department of Correctional Services; the New

York State Department of Correctional Services ("DOCS"); and the New York State Division of Parole ("DOP"). Plaintiff seeks injunctive relief to remove various conditions of his parole and monetary damages. Defendants Alexander, Amell, Turecky, Fischer, DOCS, and DOP (hereinafter referred to collectively as "defendants") are represented by the same counsel and move to dismiss plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1] Plaintiff opposes and cross-moves for summary judgment. Both motions were considered on their submissions without oral argument.

## II. BACKGROUND

In March 2004, plaintiff was sentenced to prison for third-degree robbery and third-degree burglary. While serving his sentence in 2006, plaintiff had a parole interview with a Bare Hills Correctional Facility parole officer, defendant Marni Amell ("Amell").[2] Defendant Amell conducted the interview for information to use in a recommendation given to the Parole Board ("Board"). Amell asked plaintiff questions about his recent charges and personal history, reviewed his correctional records, and recommended the Board impose a drug treatment program as a special condition of his parole.

---

[1] Defendants Gallego, Reed, Pugh, Moment, Cruse, and Bullock have not been served a copy of plaintiff's summons and complaint. (See Dkt. Nos. 14, 15.) Accordingly, they are not parties to the lawsuit and will not be included in future captions. Although it appears service was also not made upon defendant Alexander (see Dkt. No. 15, 6), he effectively waives any objection to the sufficiency of service of process by filing the present motion without any argument as to the lack of service of process. See FED. R. CIV. P. 12(h)(1); see also Mee Jin-Jo v. JPMC Specialty Mortg. LLC, No. 08-CV-230A, 2009 WL 2424344 (W.D.N.Y. Aug. 5, 2009) (citing Totalplan Corp. of Am. v. Lure Camera Ltd., 613 F. Supp. 451, 456 (W.D.N.Y. 1985)).

[2] Defendant Amell is repeatedly referred to as "Arnell" in defendant's memorandum of law. However, plaintiff's amended complaint identifies this defendant as "Marni Amell." Most importantly, defendant Amell signed her receipt of service of plaintiff's amended complaint as "Marni L. Amell." (See Dkt. No. 9, 2.) Therefore, for purposes of this opinion, the plaintiff's spelling of this individual defendant's last name will be assumed correct, and defendant's spelling will be assumed an error.

Plaintiff met with the Board on October 31, 2006. The Board did not inquire as to plaintiff's drug history or his lack of drug treatment programming while in prison. Instead, the Board focused upon his two prior felonies, numerous misdemeanors, and a Tier III violent conduct ticket he received while in prison. One Board member told plaintiff that the Board was looking for "a reasonable expectation that you can go out there and live a law-abiding life and not continue to commit crime." (Parole Board Hr'g Tr., Ex. A to Pl.'s Mem. of Law, Dkt. No. 19-3, 6:5-6.) The Board granted plaintiff's parole provided he "seek, obtain, and maintain employment and/or an academic/vocational program, submit to substance abuse testing as directed by the P.O., participate in a substance abuse treatment program as directed by the P.O.[, and] abide by a curfew established by the P.O." (Id. at 14:4-11.)

Plaintiff was released from Bare Hills on January 10, 2007. He was again imprisoned at the Queensboro Correctional Facility on or about March 21, 2007 after violating an unspecified term of his parole. He was thereafter released subject to the same conditions on July 2, 3007. While plaintiff was out of prison, parole officer Tamola required him to remain within New York City. After July 31, 2007, plaintiff stopped making required reports to his parole officer. The lapse resulted in the issuance of a parole violation warrant, which was still active on October 18, 2007, when plaintiff was arrested for shoplifting. Plaintiff pled guilty to both offenses and returned to prison. In prison, he wrote letters to the Chairman of the Division of Parole, defendant George Alexander, asking him to remove the special conditions upon his release, including the requirement that he remain within New York City. Defendant Alexander did not respond.

Plaintiff was scheduled for release on February 8, 2008, from the Queensboro Correctional Facility. On February 6, 2008, he went to sign the release papers. Defendants

Cruse and Gallego waited outside defendant Bullock's office where plaintiff and Bullock signed the papers. The release papers listed plaintiff's previous special conditions as well as several additional requirements. Pursuant to his release agreement, plaintiff must participate in drug and alcohol abuse treatment programs, refrain from consuming alcohol or frequenting establishments that serve alcohol, refrain from driving or obtaining a driver's license, abide by his curfew established by his parole officer, participate in anger management counseling, and comply with any geographical restrictions imposed by his parole officer. (App. B to Defs.' Mot. to Dismiss, Dkt. No. 17-4, 2.) Additionally, the implementation of the special parole conditions was subject to the discretion plaintiff's parole officer. (Id.)

On February 7, 2008, Plaintiff wrote to defendant Pugh, Queensboro Correctional Facility Warden Dennis Crowley, and his parole officers Sanjurjo and Stanisewski, seeking to remove or at least modify the special conditions. After his release the following day, plaintiff appeared as required at the parole office in Brooklyn, New York. Although plaintiff arrived on time, defendant Turecky instructed him to wait outside before their meeting. Plaintiff alleges defendant Turecky and an unknown supervisor discussed four new parole conditions during the delay. Plaintiff voiced his objections to the new conditions via letters sent to defendant Turecky and other parole officials.

On February 13, 2008, parole officer Sanjurjo extended plaintiff's curfew to 9:00 p.m., but she told him he would only receive permission to visit family outside New York City after at least a month and a half of compliance with his parole conditions. In or around the beginning of March 2008, a counselor at plaintiff's employment/residence program enrolled him in a drug program. Plaintiff's case manager told him he was enrolled in order to placate

his parole officers.  On March 6, 2008, plaintiff wrote to parole officer McClymont–Sanjurjo's replacement–to voice his objections to the drug programming and testing.  Plaintiff explained his employment/residence program already conducted drug testing and that he had never failed a test.  Plaintiff and parole officer McClymont met in person on March 12, 2008, whereupon McClymont agreed to communicate plaintiff's objections to the parole office's supervisor.  Plaintiff again raised objections to more of the special conditions at a subsequent meeting on April 19, 2008.  He explained the curfew would disturb his plan to attend night classes at the John Jay College of Criminal Justice.  He objected to the driving ban because none of his crimes involved a car and he was preparing to get his permit and license.

      Plaintiff's enrollment in a drug treatment program was left to the discretion of his parole officer.  (See App. B to Defs.' Mot. to Dismiss, Dkt. No. 17-4, 3 ("I will submit to substance abuse testing *as directed by the PO*.") (emphasis added)).  By the beginning of May, parole officer McClymont had indicated to plaintiff on two separate occasions that there were legitimate questions as to whether enrollment in a drug treatment program was necessary in light of his lack of drug abuse history.  (Pl's. Am. Compl., Dkt. No. 6, ¶¶ 90, 110.)  However, officially, the programming remained a special condition of his parole. Despite writing letters to defendant Alexander and the New York State Corrections Commissioner (defendant Brian Fischer), plaintiff's objections to his special parole conditions were never addressed.

      Parole officer McClymont and plaintiff next met on or around June 10, 2008. Following this meeting, plaintiff was given permission to attend night classes past curfew, and parole officer McClymont indicated he would reconsider the driving ban after plaintiff

received a driver's license.  On June 30, 2008, parole officer McClymont told plaintiff, "you've opened up a can of worms with your letter-writing campaign."  (Pl.'s Am. Compl., Dkt. No. 6, ¶ 129.)  On July 2, 2008, parole officer McClymont informed plaintiff he had received orders to enroll plaintiff in a drug treatment program.  When plaintiff asked who gave the orders, parole officer McClymont replied, "The same people you wrote the letters to" and identified McCartney and defendant Alexander as those responsible for the orders after plaintiff urged him to offer the persons' names.  (Id. at ¶¶ 133-34.)  Plaintiff met with a drug counselor later that day and was assigned to a six month program.

## III. DISCUSSION

### A. Defendants' Motion to Dismiss

None of the moving defendants are named in plaintiff's Causes of Action Four, Five, Six, Eight, Nine, Eighteen, and Nineteen.  Accordingly, these claims will not be considered in connection with the motion for dismissal.  Plaintiff's claims against the moving defendants may be summarized as follows: constitutional challenges to the implementation of special parole conditions, including his curfew, mandatory participation in drug and alcohol treatment programming, prohibition against obtaining a driver's license, travel limitations outside New York City, and prohibition against frequenting establishments that serve alcohol (Causes of Action One, Two, Three, Seven, and Ten); unlawful retaliation motivated by his letters sent to defendant Alexander (Cause of Action Eleven); the unlawful implementation or furtherance of a custom or policy imposing arbitrary special parole conditions upon potential parolees (Causes of Action Twelve, Thirteen, and Fourteen); violations of his rights under the Equal Protection Clause due to his status as a felon, his socio-economic class, and his race as a Latin-American (Causes of Action Fifteen, Sixteen, and Seventeen); the unlawful

implementation or furtherance of a custom or policy requiring parolees with no drug history to participate in drug treatment programming (<u>Cause of Action Twenty</u>); and the failure to properly train and supervise DOCS and DOP employees resulting in the imposition of arbitrary special parole conditions (<u>Causes of Action Twenty-One</u> and <u>Twenty-Two</u>).  (<u>See</u> Pl's. Am. Compl., Dkt. No. 6, 37-41.[3])

      Defendants argue that plaintiff's factual allegations are insufficient to implicate a violation of his constitutional rights.  Alternatively, they contend there are no facts from which plaintiff may establish that his protected speech or membership in a protected class was a motivating factor for their conduct.  Finally, the individual defendants argue there are no allegations which show they were personally involved in the deprivation of plaintiff's rights.

      In consideration of a motion to dismiss under Rule 12(b)(6), all factual allegations and ambiguities are construed in the light most favorable to the plaintiff.  <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 191 (2d Cir. 2007).  A cause of action will be dismissed for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).  This is not to say that any set of facts will suffice; rather, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," and a plaintiff must have "nudged [his] claims across the line from conceivable to plausible."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).  Finally, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197,

---

[3] Portions of plaintiff's amended complaint do not include numbered paragraphs.  Therefore, citations to these sections of the amended complaint will state page numbers in lieu of paragraph numbers.  Otherwise, paragraph numbers will be provided where possible.

2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (internal quotation marks omitted)).

### 1. Alleged Constitutional Violations due to Parole Conditions

#### a. Due Process

Parolees are not entitled the same level of absolute liberty afforded other citizen. Instead, their liberty rights are "properly dependent on observance of special parole restrictions." Morrissey v. Brewer, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600 (1972); see also Griffin v. Wisconsin, 483 U.S. 868, 874, 107 S. Ct. 3164, 3169 (1987). The status of a parolee is frequently described as "unique" because he is "neither physically imprisoned nor free to move at will." United States v. Polito, 583 F.3d 48, 54 (2d Cir. 1978). Consistent with these legal precedents is the holding that a parolee "does not have a protected liberty interest in being free from special conditions." Pena v. Travis, No. 01 Civ. 8534, 2002 WL 31886175, at *13 (S.D.N.Y. Dec. 27, 2002) (citing N.Y.C.R.R., tit. 9, § 8000.3); see also McCloud v. Kane, 491 F. Supp. 2d 312, 317 (E.D.N.Y. 2007) (dismissing the plaintiff's claim that her due process rights were violated as a result of her parole officer's decision to impose special parole conditions).

Under these standards, plaintiff does not have a protected liberty interest to be free from the special conditions of his parole implemented by any of the defendants. His due process protections are therefore unavailing because the "constitutional purpose [of due process] is to protect a substantive interest to which the individual has a legsitimate claim of entitlement." Olim v. Wakinekona, 461 U.S. 238, 250, 103 S. Ct. 1741, 1748 (1983). Having failed to identify a protected liberty interest, plaintiff does not state a claim for the violation of his right to due process. Therefore, each of plaintiff's claims against the moving defendants

will be dismissed to the extent he asserts a violation of his Fourteenth Amendment due process rights in each cause of action.

### b. Unreasonable Searches and Seizures

Plaintiff also fails to allege facts which, if true, would establish any violation of his rights under the Fourth Amendment to the United States Constitution. Significantly, plaintiff's claims arise from the implementation of his special parole conditions as opposed to any search, seizure, detention, or other adverse action he endured. More importantly, plaintiff knowingly agreed to comply with the terms of his parole supervision in exchange for being released from a state correctional facility (see App. B to Defs.' Mot. to Dismiss, Dkt. No. 17-4), thereby greatly reducing his expectation of privacy under the Fourth Amendment. See United States v. Reyes, 283 F.3d 446, 461 (2d Cir. 2002). Accordingly, Causes of Action One, Two, Three, Seven, Ten, Eleven, Twelve, Thirteen, Fourteen, Twenty, Twenty-One, and Twenty-Two will be dismissed to the extent plaintiff asserts a violation of his Fourth Amendment rights.

### c. Fifth and Sixth Amendment Rights

With respect to rights provided under the Fifth and Sixth Amendments, plaintiff does not plead any facts related to the right to a grand jury, the right against self-incrimination, the right against double-jeopardy, or the rights of the accused in a criminal proceeding. Instead, even the most liberal reading of his amended complaint makes clear that his claims arise from his allegation that his parole conditions are unreasonable and arbitrary in light of his criminal history. Therefore, Causes of Action One, Two, Three, Seven, Ten, Eleven, Twelve, Thirteen, Fourteen, Twenty, Twenty-One, and Twenty-Two will be dismissed to the extent plaintiff asserts violations of his Fifth or Sixth Amendment rights.

### d. Cruel and Unusual Punishment

Plaintiff's allegations likewise fail to establish a violation of his right to be protected from cruel and unusual punishment.  In order to establish a claim for cruel and unusual punishment under the Eighth Amendment, a plaintiff must satisfy two components: "one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect.  Wright v. Goord, 554 F.3d 255, 268 (2d Cir. 2009) (citations omitted).  In consideration of the subjective element, a plaintiff must allege facts which, if true, would establish that the defendant's actions were wanton "'in light of the particular circumstances surrounding the challenged conduct.'" Id. (quoting Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999)).  The objective component asks whether the punishment was sufficiently harmful to establish a violation "in light of 'contemporary standards of decency.'" Wright, 554 F.3d at 268 (quoting Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 1000 (1992)).  Here, even if plaintiff's allegations could establish that any of the defendants acted wantonly, there is nothing in the amended complaint which could show that plaintiff was deprived of "the minimal civilized measure of life's necessities."  Hudson, 503 U.S. at 9, 112 S. Ct. at 1000 (citation and internal quotation marks omitted).  Accordingly, Causes of Action Twelve, Thirteen, and Fourteen must be dismissed to the extent plaintiff asserts an Eighth Amendment violation

### e. Unlawful Retaliation for Protected Speech

Plaintiff alleges that defendant Alexander violated his First Amendment right to free speech by unlawfully retaliating against him for stating his intention to challenge his special parole conditions.  In particular, plaintiff wrote two letters to defendant Alexander articulating

his objections to the special parole conditions and expressing his dissatisfaction with defendant Alexander's lack of assistance.

In order to state a First Amendment retaliation claim, a plaintiff must allege: (1) he engaged in activity protected under the First Amendment; (2) he suffered an adverse action; and (3) there is causal connection between his speech and the adverse action taken against him; that is, his protected speech was a motivating factor for the defendant's conduct. Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) (citing Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001)).

Defendant Alexander first contends that plaintiff did not suffer an adverse action. An action is sufficiently adverse to sustain a retaliation claim when "it would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights. Davis, 320 F.3d at 352 (citing Dawes, 239 F.3d at 493). According to defendant Alexander, even if he ordered defendant's enrollment in a drug treatment program, his order cannot constitute an adverse action because plaintiff was already required to attend drug treatment programming under the terms of his parole.

However, if plaintiff's factual allegations are true, defendant Alexander effectively eliminated any opportunity for plaintiff's parole officer to lift the special parole condition related to drug treatment programming. Plaintiff alleges two separate conversations during which his parole officer indicated he was considering whether drug treatment programming was necessary in light of plaintiff's lack of prior drug abuse and criminal history unrelated to drugs. When plaintiff received a final determination that he would remain enrolled in a drug treatment program, his parole officer explained, "Well, it's out of my hands now; I've been given orders to have you placed in a program." (Pl's. Am. Compl., Dkt. No. 6, ¶ 133.)

Notwithstanding plaintiff's special parole conditions, his enrollment in a drug treatment program was left to the discretion of his assigned parole officer. Had he known that his letters would motivate defendant Alexander to order parole officer McClymont to place him in a drug treatment program, plaintiff, or a similarly situated parolee, would have likely been deterred from writing the letters altogether. Therefore, plaintiff has made sufficient factual allegations to establish that he suffered an adverse action.

Defendant Alexander alternatively argues that plaintiff does not allege sufficient facts to establish that his protected speech was a motivating factor for the adverse action. However, plaintiff alleges that parole officer McClymont identified defendant Alexander as the person who ordered his enrollment in the drug treatment program. (See id. at ¶¶ 133-34.) Further, plaintiff alleges parole officer McClymont stated that he had "opened up a can of worms with [his] letter writing campaign." (See id. at ¶ 129.) It is fair to infer that parole officer McClymont's comment alluded to defendant Alexander's directive. In light of these allegations, plaintiff's allegations satisfy the third element of his retaliation claim.

Defendant Alexander's final argument is that there are insufficient allegations to establish his personal involvement in the deprivation of plaintiff's First Amendment rights. However, in light of the allegation that parole officer McClymont identified defendant Alexander as the individual responsible for ordering plaintiff's enrollment in a drug treatment program, plaintiff pleads sufficient facts to establish defendant Alexander's personal involvement. Therefore, defendant Alexander's motion to dismiss Cause of Action Eleven will be denied.

### f. Equal Protection

Although Causes of Action Fifteen, Sixteen, and Seventeen appear to allege violations of plaintiff's constitutional rights based upon his status as a felon, his socio-economic class, and his race as a Latin-American, respectively, there are no factual allegations related to his claim that he was denied his right to equal protection based upon his membership in a protected class. Even if all of the allegations in the amended complaint are true, none of the allegations pertain to plaintiff's income level or his race. At best, plaintiff alleges some facts that could show the defendants were motivated by his status as a felon; however, felons are not members of a protected class. See Baker v. Cuomo, 58 F.3d 814, 820 (2d Cir. 1995), vacated on other grounds by Baker v. Pataki, 85 F.3d 919 (2d Cir. 1996) (en banc). As a result, the legality of the state policies that are the subject of plaintiff's Equal Protection Clause claims depend upon whether there is a rational basis for the unequal treatment in support of a legitimate governmental objective. See Heller v. Doe by Doe, 509 U.S. 312, 320, 113 S. Ct. 2637, 2642 (1993) (citations omitted). Under this minimal level of scrutiny, the challenged state policies are rationally related to the state's legitimate interest in ensuring the public safety and monitoring parolees such as plaintiff. Therefore, Causes of Action Fifteen, Sixteen, and Seventeen will be dismissed.

### B. Plaintiff's Cross-Motion for Summary Judgment

Plaintiff's cross-motion for summary judgment is premature because defendants have yet to file an answer to the amended complaint. Additionally, in light of the decision to grant in part defendants' motion to dismiss, plaintiff's only remaining claim is for unlawful retaliation against defendant Alexander asserted in Cause of Action Eleven. Therefore,

plaintiff's cross-motion will be denied without prejudice, and he may renew his motion after defendant Alexander's answer is filed.

## IV. CONCLUSION

Apart from plaintiff's retaliation claim, the amended complaint does not allege facts which, if true, would establish the violation of plaintiff's constitutional rights. The crux of plaintiff's suit is that the defendants violated his right to due process by imposing special parole conditions upon him in exchange for his release from the state's correctional facility. However, for the reasons discussed, plaintiff does not have a liberty interest in being free from the special parole conditions imposed by any of the defendants. Additionally, plaintiff's claims for violations of his rights under the Fourth, Fifth, Sixth, and Eighth Amendments are not supported by any of his factual allegations. Similarly, plaintiff's equal protection claims must be dismissed because none of his factual allegations pertain to his race or socio-economic standing. To the extent he alleges the defendants treated him unfairly because he is a felon, the defendants' policies must only be rationally related to a legitimate state interest because felons are not members of a protected class.

In contrast, plaintiff states a claim against defendant Alexander for unlawful retaliation in violation of the First Amendment because of the factual allegations concerning defendant Alexander's purported order to enroll plaintiff in a drug treatment program. If true, parole officer McClymont's statements to plaintiff, in conjunction with the circumstances leading up to plaintiff's enrollment in the drug treatment program, establish a prima facie First Amendment retaliation claim. Therefore, defendant Alexander is the only remaining defendant in the lawsuit, and all claims other than Cause of Action Eleven must be dismissed.

Accordingly, it is

ORDERED that

(1) Defendants' motion to dismiss is GRANTED as to the following causes of action and these causes of action are DISMISSED:

> (a) Causes of Action Causes of Action One, Two, Three, Seven, Ten, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Twenty, Twenty-One, and Twenty-Two.

(2) Defendant Alexander's motion is DENIED as to Cause of Action Eleven.

(3) Plaintiff's motion for summary judgment is DENIED without prejudice.

(4) Defendant Alexander is directed to file and serve his answer no later than December 28, 2009.

(5) Defendant Alexander will be the only defendant named in future captions.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 8, 2009
      Utica, New York